IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-HC-2030-M

| | | |
|---|---|---|
| WAYNE PORTER, | ) | |
|       Petitioner, | ) | |
| v. | ) | ORDER |
| L.B. KELLY, | ) | |
|       Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241. This action is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [D.E. 16]. Petitioner responded in opposition. For the reasons discussed below, the court grants respondent's motion.

BACKGROUND

On July 21, 1982, petitioner was indicted in the United States District Court for the Middle District of Florida for conspiracy to import marijuana, conspiracy to possess and distribute over 1,000 pounds of marijuana, possession of marijuana with intent to distribute, and use of a telephone to facilitate two conspiracies. Porter v. Adams, No. 2:99-CV-08722, [D.E. 5 at 1–3] (E.D. Cal. Feb. 25, 2000) (providing petitioner's criminal history). On July 2, 1984, petitioner pleaded guilty, and was sentenced to 10 years' imprisonment and two years' supervised release. Id.

On July 16, 1995, petitioner was indicted in the United States District Court for the Western District of North Carolina for one count of engaging in a continuing criminal enterprise, the purpose of which was to import, possess, and distribute marijuana and methaqualone; five counts of conspiracy, including conspiracies to possess, import, and distribute marijuana, methaqualone,

and cocaine; two counts of possession with intent to distribute marijuana; two counts of distribution of marijuana; one count of possession of methaqualone; three counts of travel in interstate commerce to commit or facilitate the commission of a drug felony; and thirteen counts of using a telephone to commit and facilitate the commission of a drug felony. Id. A jury convicted petitioner of the count of engaging in a continuing criminal enterprise, all five conspiracy counts, and ten of the substantive counts. Id. The court sentenced petitioner to 75 years' imprisonment without parole on the count of engaging in a continuing criminal enterprise and concurrent sentences ranging from four to fifteen years' imprisonment on the remaining counts. Id. On appeal the United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction of engaging in a continuing criminal enterprise but reversed his convictions on one marijuana conspiracy count, two travel offenses, and two telephone offense counts. Id. Further, the Fourth Circuit held that Congress did not intend that an individual be punished under both conspiracy and continuing criminal enterprise counts and vacated petitioner's sentences (but not convictions) on the four remaining conspiracy counts. Id. Thus, petitioner retained the 75 years' imprisonment without parole on the continuing criminal enterprise count, as well as sentences of concurrent time on the other remaining charges. Id.

In 1991, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 18 U.S.C. § 2255 in the Western District of North Carolina alleging the following: the Western District of North Carolina prosecution was barred by double jeopardy prohibition against successive prosecutions; the Western District of North Carolina sentence was barred by the double jeopardy prohibition against double punishment; and, the prosecution was barred by the Government's failure to observe due diligence in bringing prosecution. See id.; see also Porter v.

2

United States, No. 3:91-cv-207-RDP (W.D.N.C July 7, 1993), dismissed, 19 F.3d 13 (4th Cir. 1994).

On February 2, 2024, petitioner filed the instant action challenging his 10-year sentence for conspiracy out of the Middle District of Florida. He argues that the sentence is against the intent of Congress. (Pet'r Mem. [D.E. 1-1] at 1). The court allowed the action to proceed on December 4, 2024. On February 26, 2025, respondent filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Resp. Mot. Dismiss [D.E. 16]). Following an extension, petitioner responded in opposition on April 28, 2025.

## COURT'S DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See id.

3

B.  Analysis

In the instant case, petitioner purports that he is challenging the execution of his sentence. (See Pet'r Mem. [D.E. 1-1] at 1). However, petitioner in fact challenges his sentence out of the Middle District of Florida. (See id. (arguing his sentence is against the intent of congress)). The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a Section 2255 motion." Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022); Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568–69 (4th Cir. 2021). In addition, the fact that second or successive § 2255 motions are barred except in extremely limited circumstances does not render § 2255 inadequate or ineffective. Jones v. Hendrix, 599 U.S. 465, 477–80 (2023).

Here, petitioner's first § 2255 was denied on the merits. See Porter, No. 3:91-cv-207-RDP (July 7, 1993). Accordingly, petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence, and he is barred from using § 2241 to assert successive collateral attacks. 28 U.S.C. § 2255(e); Jones, 599 U.S. at 477–80. The court therefore lacks jurisdiction to consider petitioner's claims under § 2241. See United States v. Wheeler, 886 F.3d 415, 423–26 (4th Cir. 2018), overruled on other grounds by Jones, 599 U.S. at 477–78.

CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion to dismiss [D.E. 16] and DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED this 30th day of September, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge